## AMERICAN BANK & TRUST CO. et al. v. FEDERAL RESERVE BANK OF ATLANTA et al.

(Circuit Court of Appeals, Fifth Circuit.   November 2, 1922.)

No. 3906.

1. **Banks and banking ☞161(1)—Collecting bank may demand cash in payment of checks on other banks.**

   A bank, receiving for collection checks on other banks, may rightfully present such checks for payment in cash, where they are presented in due course, with reasonable promptness, without designed delay or accumulation and in proper manner.

2. **Banks and banking ☞288½, New, vol. 11A Key-No. Series—Assent by bank to concert of action with others is not an assent to adoption of illegal means.**

   That a federal reserve bank joined with others in the adoption of a policy of making bank checks collectible at par does not make it responsible for illegal means adopted by other reserve banks in attempting to enforce such policy.

3. **Banks and banking ☞288½, New, vol. 11A Key-No. Series—Banks in different districts cannot join in suit against federal reserve bank.**

   Banks in one federal reserve district cannot join with banks in another district in a suit against the reserve bank in that district to enjoin alleged illegal practices.

4. **Courts ☞351—Defendants may join in answers to interrogatories.**

   The provision of equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), relating to interrogatories, that "each interrogatory shall be answered separately," means that a separate answer shall be made to each interrogatory, and does not prohibit parties to whom the same interrogatory is propounded from joining in the answer thereto.

Appeal from the District Court of the United States for the Northern District of Georgia; Beverly D. Evans, Judge.

Suit in equity by the American Bank and Trust Company and others against the Federal Reserve Bank of Atlanta and others. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 280 Fed. 940.

Alex. W. Smith, of Atlanta, Ga. (Orville A. Park, of Macon, Ga., and Smith, Hammond & Smith and Theodore H. Smith, all of Atlanta, Ga., on the brief), for appellants.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hollins N. Randolph and R. S. Parker, both of Atlanta, Ga., and John W. Davis and M. B. Angell, both of New York City, for appellees.

Before WALKER and BRYAN, Circuit Judges, and SHEPPARD, District Judge.

WALKER, Circuit Judge. Except as to a feature of the bill mentioned below, nothing has occurred to require a revision of or departure from the conclusions stated in the opinion delivered by this court in this case when it was here on a former appeal. American Bank & Trust Co. v. Federal Reserve Bank of Atlanta, 269 Fed. 4. What was held by the Supreme Court to show the existence of a right to relief under the general prayer for relief was the part of the bill containing allegations to the effect that, in pursuance of the alleged policy of the Federal Reserve Board to bring about the collectibility by banks of bank checks at par, the appellee Reserve Bank and its officers intended to accumulate, until they reach a large amount, checks upon banks of the class to which the appellant banks belong, and then to cause them to be presented for payment in cash over the counter, or by other devices detailed to require payment in cash in such wise as to drive the drawees out of business, or force them, if able, to submit to the scheme of making bank checks collectible at par. American Bank & Trust Co. v. Federal Reserve Bank, 256 U. S. 350, 41 Sup. Ct. 499, 65 L. Ed. 983.

[1] The conduct which the Supreme Court decided to be wrongful and subject to be enjoined was the alleged threatened accumulation of checks for the purpose of using them in the manner alleged. It was not decided or intimated that the appellee bank would be guilty of any actionable wrong by merely presenting or causing to be presented bank checks held by it to the drawees for payment in cash over the counter. The alleged accumulation of checks for the purpose charged was an essential feature of the alleged conduct which was decided to be wrongful. We are not of opinion that a bank, in receipt for collection of checks on other banks, is guilty of an abuse of its right as such holder when, in due course, with reasonable promptness, without designed delay or accumulation, and in proper manner, it presents, or causes to be presented, those checks to the drawees for payment in cash. In so doing the collecting bank would be exercising its right as the holder of checks received by it for collection, and would not be guilty of an abuse of that right for an unlawful purpose. If the holder of the checks is guilty of no wrong, the fact that the payer is inconvenienced by having to pay in cash would not give the latter a valid ground of complaint. Inconvenience resulting to one party from another's exercise of a right in a lawful way does not give the former a right of action. The most that the evidence relied on by the appellants tended to prove was that at and prior to the time of filing the bill the appellee bank intended or proposed to deal in the just-stated manner with checks received by it for collection, when the drawees did not consent to remit at par, and that it was after this suit was brought that appellee bank manifested its willingness to allow payment of such checks to

be made either in cash or in acceptable exchange. The trial judge specifically found that—

"The charge that the Federal Reserve Bank at Atlanta would accumulate checks upon country or nonmember banks until they reach a large amount, and then cause them to be presented for payment over the counter, so as to compel the plaintiffs to maintain so much cash in their vaults as to drive them out of business, or an alternative agreement to remit at par, is not sustained by the evidence."

He further found:

"The evidence is insufficient to sustain any charge in the bill that the Federal Reserve Bank was acting illegally or exercising any right it had so as to oppress or injure the plaintiff banks."

The record before us does not warrant the setting aside of either of those findings. We do not think that the evidence adduced justified the granting of any of the prayed-for relief which was denied by the decree appealed from. By that decree the appellee bank was—

"enjoined and restrained from publishing, upon any par list issued by the said defendant, the Federal Reserve Bank of Atlanta, the name of any nonmember bank being a plaintiff in this case unless such nonmember bank consents or has consented to remit at par."

Our attention has been called to an opinion rendered, after this case was argued and submitted, upon the granting of a preliminary injunction in the case of Farmers' & Merchants' Bank of Catlettsburg, Ky., y. Federal Reserve Bank of Cleveland, Ohio, and Mary B. McCall, 285 Fed. ——, pending in the District Court of the United States for the Eastern District of Kentucky. That opinion shows that the granting of a preliminary injunction in that case was influenced by the showing made that the defendant bank, by its authorized agents, adopted what well might be deemed to be unwarranted methods in collecting checks on the plaintiff bank. That case is plainly differentiated from the instant one by the above-quoted explicit finding in the latter to the effect that the evidence did not sustain any charge in the bill as to improper conduct by the appellee bank or its agents. We do not think that that opinion shows that our above-indicated conclusions in the instant case are incorrect.

[2] In the absence of any showing that the appellee bank consented to or approved of the use of any unlawful means of enforcing or promoting the adoption or carrying out of the policy or plan of making bank checks collectible at par, the fact that the appellee bank was in accord with other Federal Reserve Banks in adopting that policy and attempting to bring about the general acceptance and adoption of it cannot properly be given the effect of making the appellee bank responsible for unlawful acts done, in the effort to enforce that policy, by or at the instance of other Federal Reserve Banks. An express or implied agreement between the several Reserve Banks to promote the adoption of the policy mentioned does not import a common consent to the use by any party to such agreement of unlawful means to effectuate the common lawful purpose. Assent by one party to concert of action with others to accomplish a lawful purpose does not involve or amount to the former consenting to or approving the unlawful con-

duct of any one. There was no evidence tending to prove that the appellee bank authorized, consented to, or ratified the use by or in behalf of other Reserve Banks of illegally coercive methods to bring about the general adoption of the above-mentioned policy. It follows that the evidence offered to prove the use by or in behalf of other Reserve Banks of unlawful means to accomplish the alleged common purpose was properly excluded.

[3] The court disallowed a proposed amendment of the bill having the effect of adding as parties plaintiffs thereto banks located in Federal Reserve districts other than the Sixth. That ruling was not erroneous. The complaints made by the bill are based upon what it alleged the appellees did or proposed to do in transactions between the appellee Federal Reserve Bank of the Sixth Federal Reserve district and the appellant banks, which are located in that district. The banks unsuccessfully sought to be added as parties plaintiff are so far strangers to the transactions mentioned as to keep the alleged conduct complained of from giving to those banks a right of action based on that conduct, with the result that those banks are not entitled to be joined as parties plaintiff in this suit.

[4] The same interrogatories were propounded by the appellants to several of the appellees. A separate answer was made to each of those interrogatories; each person interrogated making such answer his own. The court overruled objections to such answers on the ground that answers so made to interrogatories were violative of the provision of equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) that "each interrogatory shall be answered separately." What the quoted provision forbids is the making of one answer a response to more than one interrogatory. It does not forbid several persons to whom an interrogatory is propounded joining in the making of one separate answer thereto. The provision does not require the duplication or multiplication of answers to an interrogatory when the parties interrogated desire to make the same answer thereto. The answers made to interrogatories were not subject to objection on the ground mentioned.

The conclusion is that the record does not show any reversible error. The decree is affirmed.